FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

2015 OCT 13 PM 1: 57

**PATRICIA ZAPPAROLLI,**
f/k/a Patricia Ray,

        **Plaintiff,**

CASE NO.: 8:15 cv2402 T27 EAJ

v.

**GC SERVICES LIMITED PARTNERSHIP,**
a Delaware corporation,
**NAVIENT SOLUTIONS, INC.,** f/k/a Sallie Mae
a Delaware corporation,

        **Defendants.**

_____/

## COMPLAINT

Plaintiff, Patricia Zapparolli, by and through undersigned counsel, sues GC Services Limited Partnership and Navient Solutions, Inc., and states as follows:

### PRELIMINARY STATEMENT

1.    Plaintiff brings this action pursuant to 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

### JURISDICTION AND VENUE

2.    Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings, among other claims, claims under the federal FDCPA, 15 U.S.C. § 1692 *et seq.* Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

1

TBA -32-329
$400

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

4.      Venue is proper in this district because the Plaintiff suffered the injury in Pasco County, Florida.

## PARTIES

5.      Plaintiff Patricia Zapparolli, f/k/a Patricia Ray ("Zapparolli" or "Plaintiff") is a natural person who resides in Pasco County, Florida.  Plaintiff is a "consumer," as that term is defined by 15 U.S.C. § 1692a(3), and Fla. Stat. § 559.55(2).

6.      Defendant, GC Services Limited Partnership ("GC Services") is a Delaware corporation, does business in the State of Florida, and is a "person" under Fla. Stat. § 559.72 and is a "debt collector," as that term is defined by 15 U.S.C § 1692a(6) and Fla. Stat. § 559.55(6).

7.      Defendant, Navient Solutions, Inc., f/k/a Sallie Mae ("Navient" or "Sallie Mae") is a Delaware corporation, does business in the State of Florida, and is a "person" under Fla. Stat. § 559.72,

8.      Defendants, in the conduct of their business, uses one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Plaintiff.

9.      The conduct of Defendants was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendants, and/or they knew in advance that the Defendants were likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others.  The agent(s) or employee(s) of Defendants acted

within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendants.

## FACTUAL ALLEGATIONS

10.     In or around September of 2002, Plaintiff was a cosigner on a private loan agreement between her husband Thomas Ray and SLM Corporation, a Sallie Mae company (the "Alleged Debt"). The loan related to educational expenses for Mr. Ray, but was not a federally funded loan. At all times relating to the alleged violations of law set forth in this complaint, the loan is alleged to have been in default.

11.     Plaintiff divorced Mr. Ray in 2010.   As part of the separation, Mr. Ray represented to Plaintiff that he was willing to undertake the exclusive obligation to pay the Alleged Debt.

12.     Plaintiff filed a petition for Chapter 7 bankruptcy protection on September 16, 2011, (the "Bankruptcy Petition"). Case No. 8:11-bk-17442, Doc. 1.

13.     Defendant Sallie Mae Financial was listed on Schedule F of the Bankruptcy Petition (the "Alleged Debt"). Sallie Mae Financial received notice from the Bankruptcy Court for the Middle District of Florida regarding Plaintiff's bankruptcy. Thus, Defendant had actual knowledge of Plaintiff's bankruptcy filing.

14.     Defendant was sent by the Bankruptcy Court a Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines (the "Notice of Bankruptcy") on or about September 22, 2011.   Case No. 8:11-bk-17442, Doc. 10.  The Notice of Bankruptcy informed Defendant that Plaintiff was represented by an attorney with Clark and Washington, LLC, with respect to the debt and provided the Clark and Washington, LLC's contact information.

3

15.    On December 24, 2011, the Bankruptcy Court entered a discharge order in Plaintiff's bankruptcy proceedings. Case No. 8:11-bk-17442, Doc. 21 (the "Discharge Order").

16.    By virtue of Sallie Mae's notice of Plaintiff's bankruptcy, Sallie Mae had knowledge that Plaintiff was represented by an attorney, Clark & Washington, LLC, with respect to the Alleged Debt.

17.    Nevertheless, after Plaintiff obtained the bankruptcy discharge, and despite having actual knowledge that Plaintiff was represented by an attorney, Sallie Mae attempted to collect the Alleged Debt from Plaintiff.

18.    In 2012, Sallie Mae engaged National Enterprise Systems to act as its agent to attempt to collect the Alleged Debt directly from Plaintiff.  On August 9, 2012, Plaintiff sent a letter to National Enterprise Systems that disputed the debt and indicated that she would not be willing to make a payment.

19.    After the August 9, 2012 letter, Sallie Mae continued to attempt to collect the Alleged Debt directly from Plaintiff even though: (1) Sallie Mae had knowledge that Plaintiff was represented by an attorney; (2)  Sallie Mae had confirmed that Plaintiff was aware of the Alleged Debt; (3) Sallie Mae was aware that Plaintiff had disputed the Alleged Debt's validity; and (4) Sallie Mae had confirmed that Plaintiff would not make payment.

20.    For purposes of the Alleged Debt, Sallie Mae became known as Navient in 2014.

21.    Also in 2014, Navient engaged its agent GC Services to collect the Alleged Debt directly from Plaintiff.  GC Services made repeated collection telephone calls and sent repeated notices directly to Plaintiff on behalf of Navient.

22.    On December 25, 2014, Plaintiff sent a cease and desist letter to GC Services. The letter stated that "[p]ursuant to my rights under federal debt collection law, I am requesting that

4

you cease and desist communication with me, as well as my family and friends, in relation to this and all other alleged debts you claim I owe. You are hereby notified that if you do not comply with this request, I will immediately file a complaint with the Federal Trade Commission and the Florida Attorney General's office." This letter was sent by certified mail and delivered January 2, 2015.

23.     After January 2, 2015, GC Services continued to contact Plaintiff by telephone and mail directly in order to collect the Alleged Debt for Navient. Plaintiff could not answer every phone call, so sometimes GC Services would leave voicemails for Plaintiff. On the occasions that Plaintiff did answer the collection calls from GC Services, Plaintiff would tell GC Services that Plaintiff was not going to make a payment and would provide GC Services with the name and contact information for her attorney.

24.     In spite of (1) exhausting all reasonable efforts to negotiate payment of the Alleged Debt; (2) having received written and verbal requests to cease and desist direct contact; and (3) actual knowledge that Plaintiff was represented by an attorney, GC Services continued to place collection calls and send payment demands directly to Plaintiff on behalf of Navient.

25.     Navient has continued to harass and oppress Plaintiff. As of the date of the filing of this Complaint, Navient has engaged a third debt collector, Progressive Financial Services, in an attempt to collect the Alleged Debt directly from Plaintiff.

26.     As detailed below, that conduct constitutes a violation of the FCCPA and FDCPA.

## COUNT I

## VIOLATION OF THE FCCPA BY DEFENDANT NAVIENT

27.     This is an action against Navient for violation of Fla. Stat. § 559.55 *et seq.*

28.     Plaintiff re-alleges and incorporates paragraphs 1 through 26, as if fully set forth herein.

29.     Navient communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

30.     Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

(7)     Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

(9)     Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

(18)     Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

31.     Through its conduct described above, Navient directly and through its agents violated the above sections of the FCCPA.

32.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

33.     Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Navient is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

34.     Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of Navient as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Navient, finding that Navient violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT II

## VIOLATION OF THE FDCPA BY DEFENDANT GC SERVICES

30.     This is an action against GC Services for violation of 15 U.S.C. § 1692 *et seq.*

31.     Plaintiff re-alleges and incorporates paragraphs 1 through 26, as if fully set forth herein.

32.     Through the conduct described above, GC Services violated the following provisions of the FDCPA:

### 15 U.S.C. § 1692c(2)

(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer;

### 15 U.S.C. § 1692d

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

33.     As a result of GC Services' violation of the FDCPA, Plaintiff is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15

U.S.C. § 1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

34.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court enter a judgment in Plaintiff's favor finding that GC Services has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

**COUNT III**

**VIOLATION OF THE FCCPA BY DEFENDANT GC SERVICES**

35.     This is an action against GC Services for violation of Fla. Stat. § 559.55 *et seq.*

36.     Plaintiff re-alleges and incorporates paragraphs 1 through 26, as if fully set forth herein.

37.     GC Services communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

38.     Fla. Stat. § 559.72 provides, in pertinent part:

> In collecting consumer debts, no person shall:
>
> (7)     Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.
>
> (9)     Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

8

(18)    Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

39.    Through its conduct described above, GC Services directly and through its agents violated the above sections of the FCCPA.

40.    All conditions precedent to this action have occurred, have been satisfied or have been waived.

41.    Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, GC Services is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

42.    Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of GC Services as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

43.    Each communication, made in violation of the FCCPA is a separate justiciable issue entitled to adjudication on its individual merits and is eligible for an award of damages. Pursuant to Federal Rule of Civil Procedure 10(b), each violation has been consolidated into a single count to promote clarity.

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against GC Services, finding that GC Services violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury.   U.S. Const.

Amend. 7 and Fed. R. Civ. P. 38.


Dated:  October 6, 2015                          Respectfully Submitted,
**CENTRONE & SHRADER, PLLC**
612 W. Bay St.
Tampa, Florida 33606
Phone:  (813) 360-1529
Fax:     (813) 336-0832

/s/Brian Shrader
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
Attorneys for Plaintiff

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**
**Patricia Zapparolli**

I, Patricia Zapparolli, pursuant to 28 U.S.C. §1746, under penalties of perjury, state as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____          ___10-10-15___
Patricia Zapparolli                                        Date

11